IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.:  3:09-502-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AUSHA FIMI ALLEN | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant for a reduction of her term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to the Fair Sentencing Act (FSA) and the recent Supreme Court decision in *Dorsey v. United States*, \_\_\_ U.S. \_\_\_, 132 S.Ct. 2321 (June 21, 2012).  For the reasons which follow, the motion is denied.

The defendant entered into a written plea agreement and, on December 15, 2009, pled guilty to a lesser included offense in Count 1 of the Superseding Indictment which charged conspiracy to possess with intent to distribute and distribute 5 grams or more of cocaine base *and* 500 grams or more of cocaine.  The defendant originally faced a mandatory minimum sentence of 10 years under Count 1.  However, in exchange for the defendant's cooperation, the government agreed to allow the defendant to plead guilty to the lesser included conspiracy charge which reduced the statutory mandatory minimum sentence from 10 years to 5 years.

The Presentence Report (PSR) calculated the defendant's total offense level at 31 and her criminal history category was I, which resulted in a guidelines range of 108 to 135 months.  As a result of the statutory mandatory minimum sentence (which was lower than

1

her guidelines range) her resulting guideline range became 60 months.  Under U.S.S.G. §

5G1.1(b), if a proposed guideline sentence is less than the mandatory minimum sentence,

then the statute trumps the guidelines and the statutory sentence must be applied.  The court

sentenced the defendant on November 15, 2010 to 60 months imprisonment.  The defendant

did not file a direct appeal of her conviction or sentence.

As the government notes in its brief in opposition to the defendant's motion, even

though the defendant was sentenced after the August 3, 2010 enactment of the FSA, her

statutory mandatory minimum sentence remains the same because the statutory mandatory

minimum penalty for 500 grams or more of cocaine was unaffected by the FSA.  The FSA

only applies to cocaine base or crack thresholds, not cocaine.  Here, the defendant was

convicted of both crack *and* cocaine.  The conviction for 500 grams or more of cocaine still

produces the same statutory mandatory minimum of 5 years.  Thus, the defendant's ultimate

statutory mandatory minimum remains the same even applying the FSA as is required under

*Dorsey*.

To the extent the defendant relies on *United States v. Simmons*, 649 F.3d 237 (4th Cir.

2011) in support of her request to remove her two-point gun enhancement, the defendant's

argument is misplaced and not applicable to her case.  The defendant did not receive the

enhancement based upon any prior felony conviction.  Rather, she received the guideline

enhancement because she possessed firearms in connection with the drug offense.

For the foregoing reasons, the defendant's motion to reduce her sentence (ECF No.

1126) is denied.

IT IS SO ORDERED.

January 8, 2013                              Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge